```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

------------------X

ERIC NARINE,

                Plaintiff,     <u>ORDER</u>

                                      07-CV-657 (ERK) (MDG)

    - against -

DAVE WEST INDIAN PRODUCTS CORP.,

                Defendant.

------------------X

GO, United States Magistrate Judge:

    Plaintiff Eric Narine brings this action against defendant Dave West Indian Products Corp. ("Dave West") alleging fraud, unjust enrichment and violation of the New York General Business Law § 349. Dave West moves for leave to file a third-party action against Bissoon Narine ("Bissoon"), plaintiff's brother. By electronic order dated August 7, 2007, the Honorable Edward R. Korman referred plaintiff's motion to me for decision.[1]

---

[1] Since courts in the Second Circuit recognize that magistrate judges have authority pursuant to 28 U.S.C. § 636(b)(1)(A) to decide motions to amend and the relief defendant seeks is comparable to the relief sought in a motion for leave to amend, this is a matter that I may determine. <u>See</u> <u>Kilcullen v. New York State Dept. of Transp.</u>, 55 Fed.Appx. 583, 584, 2003 WL 151251, at *2 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); <u>Marsh v. Sheriff of Cayuga County</u>, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing <u>Maurice v. State Farm Mut. Auto. Ins.</u>

                                              (continued...)

BACKGROUND

Plaintiff, a Maryland resident, alleges that Dave West is a New York corporation with its principal place of business in New York. Complaint (ct. doc. 1) at ¶¶ 4-5. In October 2006, Dave West employed Bissoon at its store, "The Carribean Market," in Takoma Park, Maryland (the "store"). Id. at ¶¶ 6-7. While Bissoon worked at the store, plaintiff loaned defendant $5,000. Id. at ¶ 10.

In November 2006, the store's managers and defendant's President, along with two Takoma Park police officers, confronted Bissoon and accused him of stealing from the store. Id. at ¶¶ 12-15. After being told that he would be arrested and reported to immigration officials if he did not agree to pay defendant for the value of the stolen items, Bissoon agreed in writing that he would reimburse defendant for the items that he allegedly stole. Id. at ¶¶ 17, 19. After Bissoon signed the agreement, defendant's representatives threatened to have Bissoon

---

(...continued)
Co., 235 F.3d 7, 9 n. 2 (1st Cir. 2000)); Wingerter v. Chester Quarry Co., 185 F.3d 657, 660 (7th Cir. 1999) (per curiam); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 84 (2d Cir. 2000) (same). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order. See Lyondell-Citgo Refining, LP V. Petroleos De Venezuela, S.A., No. 02 Civ. 0795 (CBM), 2005 WL 883485 (S.D.N.Y. April 14, 2005) (noting agreement with "the weight of authority in this Circuit applying a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading").

arrested and deported if he did not give them $5,000.  Id. at
¶ 25.  On November 18, 2006, plaintiff paid $5,000 to defendant
on his brother's behalf.  Id. at ¶ 28.  After defendant again
threatened to take action against Bissoon, plaintiff agreed on
December 3, 2006 to surrender certain personal property to
defendant and to assume responsibility for Bissoon's obligation
to reimburse defendant.  Id. at ¶ 37.  Pursuant to that
agreement, plaintiff surrendered personal property with a
replacement value of approximately $35,000.  Id. at ¶¶ 38-39.

    Plaintiff commenced this action on February 14, 2007.  See
ct. doc. 1.  Plaintiff alleges that the accusations against his
brother are false and are part of an extortion scheme by
defendant to avoid paying back the $5,000 loan and to obtain
additional funds from plaintiff.  On June 6, 2007, defendant
filed an amended answer to the complaint, asserting a
counterclaim for breach of contract.  See ct. doc. 13.  By motion
filed on July 31, 2007, defendant seeks leave to file a third-
party action against Bissoon for contribution or indemnity on the
theory that defendant's liability for plaintiff's fraud claim was
caused by Bissoon's confession, which defendant then communicated
to plaintiff.  See ct. doc. 18 at 6.  Defendant also seeks to
bring independent claims against Bissoon for fraud and
conversion.

DISCUSSION

Rule 14(a) of the Federal Rules of Civil Procedure provides that a party may implead a person not a party to the action "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). To sustain an impleader action, "the third party's liability must be in some way dependent on the outcome of the main claim or the third party must be potentially secondarily liable as a contributor to the defendant." Santos v. Delta Machinery, No. 06 Civ. 13269, 2007 WL 1098690, at *1 (S.D.N.Y. Apr. 11, 2007); see Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000). Leave of the court must be obtained if more than 10 days have elapsed since the third-party plaintiff filed his answer, as in this case. Id. The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion. Bank of India, 239 F.3d at 438.

Rule 14(a) "'was designed to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed.'" State of New York v. Solvent Chemical Co., Inc., 875 F. Supp. 1015, 1021 (W.D.N.Y. 1995) (quoting Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir. 1972)); see Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (impleader promotes judicial efficiency by permitting the adjudication of several claims in a single action and thus eliminate "circuitous, duplicative

actions"); Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984). Generally, motions for leave to implead third parties should be freely granted "unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Shafarman, 100 F.R.D. at 459; see Nova Prods., 220 F.R.D. at 240; Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003); Fed. R. Civ. P. 14 advisory committee's note, 1963 amendment. In addition, courts may consider whether the movant deliberately delayed or was derelict in filing the motion. See Nova Prods., 220 F.R.D. at 240.

Defendant argues that if its accusations of theft are false and it is liable to plaintiff for fraud, then Bissoon is liable to the defendant for contribution or indemnification because it relied on Bissoon's false confession. As discussed below, defendant's proposed third-party claim against Bissoon is "obviously unmeritorious."

Generally, the applicable state substantive law applies to determining whether there is a basis for third-party liability. See White v. ABCO Eng'g Corp., 221 F.3d 293, 307 (2d Cir. 2000); Columbus McKinnon Corp. v. China Semiconductor Co., Ltd., 867 F. Supp. 1173, 1177 (W.D.N.Y. 1994); Friedman v. Hartmann, 787 F. Supp. 411, 420 (S.D.N.Y. 1992). Although the parties neither discuss the choice of law issue nor provide any state law pertinent to the issues raised by the instant motion, this Court must, as in any diversity case, first apply the forum state's

choice of law rules. See White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281, 284 (2d Cir. 2006). Under New York's rules, the "first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998). In this case, New York and Maryland are the only jurisdictions with laws potentially applicable. As discussed below, there is no conflict as to the laws regarding indemnification and fraud, but there is an actual conflict between Maryland and New York with respect to a third party plaintiff's right to contribution.

In New York, a third party defendant may be liable for contribution, notwithstanding the absence of its direct liability to the injured plaintiff, where the third party defendant breached a special duty to the third party plaintiff.[2] See Garrett v. Holiday Inns, Inc., 58 N.Y.2d 253, 258-61, 447 N.E.2d 717, 719-21 (1983) (finding town liable for contribution to motel owner even absent duty owed by town to motel guests). In

---

[2] "In the unusual case the right of apportionment may arise from the duty owed from the contributing party to the party seeking contribution." Guzman v. Haven Plaza Housing Dev. Fund Co., Inc., 69 N.Y.2d 559, 568 n.5, 509 N.E.2d 51, 54 n.5 (1987). However, in such a case, "the injury for which recovery is sought in the main action must have been a foreseeable consequence of the alleged breach of the independent duty owed to the defendant-third party plaintiff by the third party defendant." Hanley v. Fox, 97 A.D.2d 606, 607, 468 N.Y.S.2d 193 (3d Dep't 1983). Here, although Bissoon may have had an independent duty to Dave West as its employee, it is questionable whether the injury for which plaintiff seeks recovery in the main action is a foreseeable consequence of that breach of duty.

-6-

contrast, Maryland follows the Uniform Contribution Among Tort-Feasors Act ("UCATA"), Md. Code, Cts. & Jud. Proc. §§ 3-1401, et seq. Under Maryland law, to impose liability for contribution, a joint tortfeasor must be directly liable to the plaintiff. Montgomery County v. Valk Mfg. Co., 317 Md. 185, 199, 562 A.2d 1246, 1253 (1989); see Pyramid Condominium Assoc. v. Morgan, 606 F. Supp. 592, 598 (D. Md. 1985); Parler & Wobber v. Miles & Stockbridge, 359 Md. 671, 686-87, 756 A.2d 526, 534 (2000). In light of this conflict, the Court must decide which state's law to apply.

Under New York's choice of law rules, fraud claims are governed by the state in which the injury is deemed to have occurred, which is usually where the plaintiff is located. See Sack v. Low, 478 F.2d 360, 366 (2d Cir. 1973); Telecom Int'l America, Ltd. v. AT&T Corp., 67 F. Supp. 2d 189, 207 n.16 (S.D.N.Y. 1999). Since plaintiff is a Maryland resident and all the relevant events occurred in Maryland, Maryland law applies to the proposed third-party claims sounding in fraud. As there is no conflict between Maryland and New York law relating to indemnification and fraud, I apply Maryland law to defendant's proposed contribution claim and the joint law of New York and Maryland to the underlying claim of fraud and the proposed indemnification claim.

Defendant argues that Bissoon is "secondarily liable to the defendant for claims by the plaintiff for fraud as a contributor to the defendant." Ct. doc. 18 at 6. Under Maryland's law of

contribution, in order for Dave West to prevail on its contribution claim, Bissoon must be directly liable to plaintiff on the underlying claim of fraud.

> Under Maryland law, in order to sustain an action for fraud,
>
> > a plaintiff must prove (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

Nails v. S & R, 334 Md. 398, 415-16, 639 A.2d 660, 668-69 (1994); accord Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist., 18 A.D.3d 787, 788, 796 N.Y.S.2d 690, 692 (2d Dep't 2005). Neither plaintiff's complaint nor the proposed third-party complaint contain allegations that Bissoon made a false representation to plaintiff for the purpose of defrauding him. Nor does Dave West allege that Bissoon's confession alone would have independently given rise to plaintiff's injury. Accordingly, Bissoon could not be found directly liable to plaintiff.

Moreover, contribution is intended to ensure that one party does not pay more than his fair share of liability to the plaintiff. See Baltimore Gas & Elec. Co. v. Commercial Union Ins. Co., 113 Md. App. 540, 579, 88 A.2d 496, 515 (1997); Lerman v. Heeman, 112 Md. App. 320, 324 n.3, 685 A.2d 782, 785 n.3 (1996), aff'd, 347 Md. 439 (1997); accord Mowczan v. Bacon, 92

N.Y.2d 281, 284, 703 N.E.2d 242, 244 (1998). The doctrine is based on the notion that the tortfeasors should share a "common liability." See Parler & Wobber, 359 Md. at 686-87; Montgomery, 317 Md. at 192; accord Mas v. Two Bridges Assocs. by Nat Kinney, 75 N.Y.2d 680, 689-90, 554 N.E.2d 1257, 1262 (1990). Dave West, however, argues that plaintiff's injury is the fault of Bissoon because its manager simply relied on what Bissoon told him. Under its theory, Dave West would not be liable at all for fraud. In essence, Dave West is "attempting to bootstrap a defense to fraud into a case for 'joint tortfeasor' liability." Gabriel Capital, L.P. v. Natwest Finance, Inc., 137 F. Supp. 2d 251, 265 (S.D.N.Y. 2000); Fromer v. Yogel, 50 F. Supp. 2d 227, 237 (S.D.N.Y. 1999); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., No. 92 CIV. 6879, 1998 WL 647167, at *5 (S.D.N.Y. Sept. 22, 1998). For the reasons discussed above, Dave West's proposed claim for contribution is "obviously unmeritorious."

Similarly, Dave West has not stated a claim for indemnity. Indemnity involves "a shifting of the entire loss from the party who paid the judgment to the tortfeasor [or wrongdoer] who should in fairness bear it." Hartford Acc. and Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship, 109 Md. App. 217, 275, 674 A.2d 106 (1996), aff'd, 346 Md. 122 (1997); Bd. of Trustees of Baltimore Cmty. Colls. v. RTKL Assocs., 80 Md. App. 45, 54-55, 559 A.2d 805, 810 (1989) (quoting Greyhound Lines, Inc. v. Cobb Co., Ga., 681 F.2d 1327, 1332 n.7 (11th Cir. 1982)); accord Mas, 75 N.Y.2d at 690. "[A] defendant may seek indemnification only when its

liability is passive or secondary . . . ." <u>Pyramid</u>, 606 F. Supp. at 596 (allegations of active negligence or intentional tort precluded indemnity claim); <u>see</u> <u>Max's of Camden Yards v. A.C. Beverage</u>, 172 Md. App. 139, 148-49, 913 A.2d 654, 660 (2006); <u>accord</u> <u>Balladares v. Southgate Owners Corp.</u>, 40 A.D.3d 667, 835 N.Y.S.2d 693 (2d Dep't 2007) (indemnification is available "where a defendant's role in causing the plaintiff's injury is solely passive"). Clearly, Dave West cannot claim that its conduct was passive since it reported Bissoon to the police and threatened him with prosecution and deportation. Indeed, even under Dave West's account of the facts, its conduct was that of an active and/or intentional tortfeasor.

In addition, Dave West cites Rule 19 of the Federal Rules of Civil Procedure for the proposition that this case "cannot be properly adjudicated upon and adequate relief awarded to all parties in the absence of Bissoon Narine as a party to this action." <u>See</u> ct. doc. 18 at 3. On the contrary, this Court finds that Bissoon's absence will not prevent complete relief to the parties.[3] <u>See</u> <u>Peregrine Myanmar Ltd. v. Segal,</u> 89 F.3d 41, 48 (2d Cir. 1996) (complete relief "can be accorded even without the [absent party], because nothing in the district court's statements or final judgment requires the [absent party] to do

---

[3] Defendant also argues that "it is imperative that Bissoon Narine be joined as a cross-defendant to this action in order that discovery can be made upon him to ascertain his part in starting the allegation that he stole from the defendant." <u>See</u> ct. doc. 18 at 6. Of course, Bissoon need not be a party to this action in order for defendant to take discovery from him.

-10-

anything or change any of its positions). Nor has defendant demonstrated that any relief that this Court might order would impinge on Bissoon's interest in any property. See ConnTech Dev. Co. v. University of Conn. Educ. Props., Inc., 102 F.3d 677, 683 (2d Cir. 1996) ("Subparts (I) and (ii) [of Rule 19(a)(2)] are contingent ... upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action") (quoting Northrop Corp. v. McDonnell Douglas, 705 F.2d 1030, 1043 (9th Cir. 1983)).

Given the denial of Dave West's motion for leave to file a third party complaint, I need not address plaintiff's argument that Bissoon's joinder would deprive the Court of jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's motion for leave to file a third-party complaint is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
          November 7, 2007

                                    /s/
                                    MARILYN DOLAN GO
                                    UNITED STATES MAGISTRATE JUDGE