UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

ERIC NARINE,

                Plaintiff,    <u>ORDER</u>

  - against -                    CV 07-657 (ERK)(MDG)

DAVE WEST INDIAN PRODUCTS CORP.,

                Defendant.

- - - - - - - - - - - - - - - - - X

By letter filed March 18, 2008 (ct. doc. 31), Charles Whittier, counsel for defendant, seeks my recusal and refuses to participate in any further proceeding in this case until determination of whether I should be removed is made. Ct. doc. 31 at 2. Pointing to this Court's order electronically filed on March 17, 2008 granting the request of plaintiff's counsel (ct. doc. 30), Marc Isaac, to adjourn the deposition of his client, Mr. Whittier complains that this Court acted on plaintiff's request without hearing from defendant and has evidenced favoritism toward the plaintiff.

<u>DISCUSSION</u>

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (1988). Section 455(b)(1) further provides that a judge should recuse himself "[w]here he has a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard to be applied to a motion to recuse is an objective one: whether a reasonable person, knowing all the facts, would conclude that the trial court's impartiality could reasonably be questioned. See Apple v. Jewish Hosp. Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). A judge has an affirmative duty not to disqualify himself unnecessarily. See LoCascio v. United States, 473 F.3d 493, 498 (2d Cir. 2007); National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978).

Ordinarily, "[a] determination of bias under [section 455(b)(1)] must be based on extrajudicial conduct." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988). Although a judge's remarks "that are critical or disapproving of, or even hostile to," a party ordinarily cannot be a basis for recusal, they may support a claim of bias if they "reveal an opinion that derives from an extrajudicial source" and "such a high degree of favoritism or antagonism as to make fair judgment impossible." Garofalo v. Gravano, 23 F. Supp. 2d 279, 285 (E.D.N.Y. 1998) (citing Liteky v. United States, 510 U.S. 540, 554-55 (1994)); see LoCascio, 473 F.3d at 497. In addition, as the Second Circuit has consistently recognized, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." In re

Int'l Business Mach. Corp., 45 F.3d 641, 644 (2d Cir. 1995) (quoting Liteky, 510 U.S. at 554-55); see LoCascio, 473 F.3d at 495-96; In re Int'l Business Mach. Corp., 618 F.2d 923, 929-30 (2d Cir. 1980).

Mr. Whittier's dissatisfaction with my March 17, 2008 order is not a basis for recusal. Mr. Isaac electronically filed his motion on March 17, 2008 at 12:30 p.m. to adjourn his client's deposition scheduled for the following day. The electronic receipt on the docket sheet indicates that Mr. Whittier and Antoinette Wooten, his colleague who has also appeared on behalf of the defendant in this case, received electronic notice of the filing. After waiting to see if Mr. Whittier would respond, I filed an order at 6:42 p.m. granting the request. Mr. Whittier neither filed a response nor called my chambers to request a telephone conference. Given the relief sought, waiting three days for Mr. Whittier to respond made little sense.

Under the circumstances, Mr. Isaac could not have made his application much earlier. The parties agreed on dates to take several depositions at a conference held on February 21, 2008. As the transcript of the conference makes clear, the attorneys agreed on deposition dates without conferring with the deponents.[1] Mr. Isaac states that in the week following the

---

[1] The discussion regarding deposition dates proceeded as follows:
        Mr. Isaac: . . . I previously served notices and I just want to schedule dates for a
(continued...)

-3-

conference, he left several voicemail messages for Mr. Whittier and messages with his receptionist advising that plaintiff was unavailable for a deposition on March 18, 2008. Having received no response, Mr. Isaac sent Mr. Whittier a letter by fax on March 5, 2008 stating that his client would be out of the country from March 17 through March 28, 2008 and requesting that the deposition be rescheduled. See ct. doc. 31-3. Mr. Isaac further states that he followed-up with several phone messages for Mr. Whittier, but Mr. Whittier did not respond.[2] Mr. Isaac faxed Mr.

---

[1](...continued)
    deposition today if possible, Your Honor.
    The Court: Pick the dates.
    . . .
    Mr. Whittier: Now, when in March would you be available between the week of the 9th -- the 10th and the 17th? That's the week of the 10th to the 14th, the 17th to the 21st -- sorry -- 10th to the 20th because we have now on the 21st for your client, the plaintiff, and [Bis]soon Narine.
    Mr. Isaac: Well, if you can pick a Tuesday or a Wednesday of either of those weeks that would be fine.
    Mr. Whittier: A Tuesday or Wednesday?
    Mr. Isaac: A Tuesday or a Wednesday of the week of the 10th or the week of the 17th.
    Mr. Whittier: Can we say the 18th or 19th of March?
    Mr. Isaac: Fine.
    Mr. Whittier: We'll do the plaintiff first.
    Mr. Isaac: Okay.

Transcript of conference held on February 21, 2008 ("2/21/08 Tr.") (ct. doc. 33) at 5-8.

[2] Mr. Whittier denies having received any phone messages from Mr. Isaac. At past conferences before me, Mr. Whittier has stated that he did not receive phone messages or regular mail from Mr. Isaac, even where Mr. Isaac was prepared to produce
(continued...)

Whittier further letters on March 12 and March 14, 2008 notifying Mr. Whittier that plaintiff was available for a deposition on March 17, 2008.[3]  See ct. docs. 31-2, 31-4.  Mr. Isaac then received a letter Mr. Whittier sent by fax on Saturday, March 15, 2008, stating that he refused to reschedule plaintiff's deposition from March 18, 2008.[4]  See ct. doc. 30 at 5-7.  Mr. Isaac filed his application to the Court on Monday, March 17, 2008.  While Mr. Isaac arguably should have filed his application earlier, it was reasonable for Mr. Isaac to wait for a response in the expectation that Mr. Whittier would consent to a new deposition date.  By the same token, Mr. Whittier should have responded to Mr. Isaac's March 5, 2008 fax, if not his earlier telephone requests, weeks earlier.  That Mr. Whittier was out of town on business between March 3 and March 12, 2008 does not excuse his failure to respond to what should have been a routine scheduling matter, particularly since he is assisted in this litigation by Ms. Wooten.

---

[2](...continued)
certified mail receipts demonstrating that documents were sent to the correct address.  See Transcript for conference held on October 31, 2007 ("10/31/07 Tr.") at 12-16; 2/21/08 Tr. at 3.

[3] Mr. Isaac's March 12 letter mistakenly suggests that his client's deposition was originally scheduled for March 17, 2008 rather than March 18, 2008.

[4] Although Mr. Whittier describes his letter as a "March 14th fax letter," see ct. doc. 31 at 2, the date and time stamp on the letter received by Mr. Isaac and the fax cover sheet show that the letter was transmitted on March 15, 2008.  See ct. doc. 30 at 5-7.

Further, I find baseless Mr. Whittier's charges that Mr. Isaac's attempt to reschedule the deposition was merely "a subterfuge by Mr. Isaac and the plaintiff to disturb [Mr. Whittier's] order for taking depositions and generally subvert [defendant's] discovery in this case." See ct. doc. 31 at 2. Local Civil Rule 37.3 requires that parties confer in good faith to resolve discovery disputes. See Local Civil Rule 37.3(a). Had Mr. Whittier responded earlier than March 15, 2008 to Mr. Isaac's requests to adjourn the deposition, the parties may have been able to work out a new schedule for all the depositions.

Last, Mr. Whittier complains that I "have refused, since December 12, 2007, to rule on [defendant's] motion to compel" the production of non-party Bissoon Narine's address and answers to defendant's interrogatories. See ct. doc. 31 at 4. He filed that motion in the late afternoon before a conference on the following day. See ct. docs. 26, 27, 28. Mr. Whittier had previously mentioned his dissatisfaction with plaintiff's automatic disclosure and responses to interrogatories in a letter filed October 23, 2007 (ct. doc. 23) in which he sought an extension of the discovery deadline. At a conference held on October 31, 2007, Mr. Whittier specifically raised the issue of plaintiff's failure to provide Bissoon Narine's address. Besides granting defendant's request for an extension, I ruled that plaintiff need not provide Bissoon Narine's address given that plaintiff agreed to produce him for a deposition, and in light of

the allegations in this case that defendant's principals had threatened to have Bissoon Narine deported and defendant's refusal to execute a confidentiality agreement providing that such information would be "for attorney's eyes only."  <u>See</u> 10/31/07 Tr. at 5-9; minute entry dated October 31, 2007.  The defendant did not object to this ruling nor did it move to compel interrogatory responses until the eve of the December 14, 2007 hearing that this Court scheduled to address whether Mr. Whittier should be sanctioned for his third failure to appear at a conference before me.  At the hearing, I denied that portion of defendant's motion to compel that sought disclosure of Bissoon Narine's address and reserved decision on the remainder of defendant's motion to compel and my show cause order.  <u>See</u> Transcript for hearing held on December 14, 2007 at 7, 10-12.  I will rule on both matters shortly.

I simply have no personal bias against Mr. Whittier or his client.  Ironically, the only possible favoritism I have shown in this case is my restraint in imposing sanctions against Mr. Whittier despite his failure to appear at three conferences before me on May 4, 2007, May 31, 2007 and November 19, 2007.  He also appeared almost one hour late for the conference on February 21, 2008 and only after my chambers called his office.  Even if unintentional, such a pattern of missed conferences suggests, at best, a lack of concern for the orderly administration of litigation which cannot be disguised by complaints of unfairness.

Cf. Kensington Int'l Ltd. v. Republic of Congo, 461 F.3d 238, 245 (2d Cir. 2006) ("We hasten to add that, should the [defendant] persist in its pattern of obstruction and recalcitrance, it may find that more and more judges seem hostile.").

## CONCLUSION

There being no appropriate basis for recusal, plaintiff's application is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 28, 2008

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE