```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - X

ERIC NARINE,

                     Plaintiff,    <u>ORDER</u>

   - against -                  CV 07-657 (ERK)(MDG)

DAVE WEST INDIAN PRODUCTS CORP.,

                     Defendant.

- - - - - - - - - - - - - - - - - X

By motion filed on December 13, 2007 (ct. doc. 27), defendant moves to compel responses to interrogatories and for sanctions against plaintiff.

## DISCUSSION

On July 18, 2007, defendant served plaintiff with written interrogatories seeking the name and telephone number of non-party Bissoon Narine and requesting information concerning the basis for certain allegations contained in plaintiff's complaint. At a conference held on October 31, 2007, counsel for defendant specifically raised the issue of plaintiff's failure to provide Bissoon Narine's address. At that conference, I ruled that plaintiff need not provide Bissoon Narine's address given that plaintiff agreed to produce him for a deposition, and in light of the allegations in this case that defendant's principals had threatened to have Bissoon Narine deported and defendant's

refusal to execute a confidentiality agreement providing that such information would be "for attorney's eyes only."  See Transcript for conference held on October 31, 2007 (ct. doc. 37) at 5-9; minute entry dated October 31, 2007.  At a hearing held on December 14, 2007, I denied that portion of the instant motion to compel that sought disclosure of Bissoon Narine's address and reserved decision on the remainder of defendant's motion to compel.  See Transcript for hearing held on December 14, 2007 (ct. doc. 35) at 7, 10-12.

Local Civil Rule 37.3(a) requires that "[p]rior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute."  Rule 37(a)(1) of the Federal Rules of Civil Procedure similarly provides that a motion to compel discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Defense counsel certifies that he made a good faith effort to resolve the instant dispute with plaintiff's counsel by letter dated October 1, 2007. See ct. doc. 26 at ¶ 7 and Exh. 5.  However, defense counsel's October 1, 2007 letter appears to pertain only to interrogatories seeking contact information for Bissoon Narine.  Nonetheless, in

order to avoid any further delay in this case and having not required plaintiff to respond, I will address defendant's motion.

As discussed above, I have already addressed the information sought in interrogatories 2 and 21. As for interrogatories 6 and 7, I find that plaintiff's answers are fully responsive. As to interrogatories 11, 13, 14 and 16, plaintiff should respond in more detail than provided in his answers. However, since these issues will no doubt be explored at plaintiff's deposition, the responses need only provide basic identifying information. For example, in his response to interrogatory 11, plaintiff should explain to whom Meerahoo Ramroop and David Narine made the representations referenced and briefly describe the content of those representations. In his response to interrogatory 13, plaintiff should briefly describe the facts and documents to which he refers. As to interrogatory 12, Rule 33 provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, plaintiff's objection to interrogatory 12 is overruled.

Finally, defendant requests sanctions against plaintiff for the cost of making the instant motion. <u>See</u> ct. doc. 26 at 3. Rule 37(a)(4) provides for sanctions for failure to provide discovery. Since I find that this motion was filed without defendant "first making a good faith effort to obtain the

disclosure or discovery without court action," the motion for sanctions is denied. Fed. R. Civ. P. 37(a)(4)(A). Further, because the defendant's motion to compel is granted only with respect to approximately half the interrogatories at issue and covered requests previously denied, I find that an award of expenses would be unjust. <u>Id.</u>

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to compel is granted in part and denied in part and his motion for sanctions in denied. Plaintiff must supplement his interrogatory responses at least two business days prior to plaintiff's deposition.

**SO ORDERED.**

Dated: Brooklyn, New York
April 14, 2008

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE